ACCEPTED
15-24-00095-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
2/5/2025 9:26 PM
CHRISTOPHER A. PRINE
CLERK

**Wolfgang Hirczy de Mino**

wphdmphd@gmail.com

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
2/5/2025 9:26:42 PM
CHRISTOPHER A. PRINE
Clerk

February 5, 2025

Case No: 15-24-00095-CV

Case Style: Edward R. Turnbull, IV v. Commission for Lawyer Discipline (CFLD)

## Does the Public Not Have a Stake in This Too?

Dear Mr. Prine:

Here we have another instance where multiple justiciability doctrines are marshaled to prevent an adjudication on the merits: sundry court-made immunities and alleged lack of standing on the part of the plaintiff. I note that the plaintiff and appellant is a Texas attorney. I am just a member of the public myself. If Attorney Turnbull is not even allowed to pursue his grievances against the Commission and the fellow lawyers that he says did him wrong, where does that leave the average Joe?

Not only do the Defendants claims to be beyond the reach of the law thanks to bestowed common-law or statutory immunity, they are also inviting this Court to apply *res judicata* based on Article III ruling in the U.S. Court for the Southern District of Texas, since affirmed by the Fifth Circuit. *See Turnbull v. State Bar of Texas et al*, No. 24-50260 (5th Cir. Nov. 27, 2024).

Article 3 of the Texas Constitution establishes the legislative branch of state government, which is denominated "department" rather than branch. This article has some provisions concerning the courts, but it does not establish them as does article III of the federal constitution. Most importantly, Texas state district courts are court of general – *not limited* – jurisdiction. Why then is there such a pervasive invocation and emulation of federal Article III jurisprudence in the complete absence of a textual basis for it in Texas counterpart to the federal constitution?

### We Are Seeing More and More Merits Suppression

All these doctrines invoked by the Defendants are designed to thwart an adjudication on the merits, and that is lamentable.

In this case, the merits concern a complaint stemming from alleged attorney misconduct that sheds doubt on the proper functioning of a statewide system supposed to assure high standards in the practice of law. The public surely has a stake in what 100,000 Texas lawyers do for or against them. Or fail to do, for that matter.

As one of 30-plus million nonlawyers for whose benefit the attorney disciplinary system is supposed to operate,[1] I find the ongoing effort at jurisprudential merits-suppression very disconcerting. I have in the past witnessed attorney misconduct, and suffered the consequences in some instances. This

---

[1] Minors are properly included in the non-attorney population estimate because much litigation is conducted (or might be conducted) in proceedings under the Family Code, and often they will have an attorney ad litem appointed for them in contested cases.

appellate case now promises to make it even harder to hold Texas attorneys accountable for questionable conduct and violations of the attorney conduct and court rules that govern them. As if accountability were a bad thing. Something to be extirpated.

## What Other Means are Left to Deter Attorney Misconduct?

Though probably not mentioned by the parties, I note that Mr. Turnbull didn't have the option to sue his attorney adversaries directly in tort, thanks to the blanket grant of immunity the Texas Supreme Court has seen fit to bestow onto the entire profession, including apparently law firms as commercial entities.

Thanks to the doctrinal "generosity" of the Texas Supreme Court, Texas attorneys can no longer be sued by non-clients except in very rare and narrow circumstances. That makes it all the more important for the attorney disciplinary system to function properly. After all, it's the only avenue for redress and correction of misbehavior that remains.

But this avenue is now being closed off too, starting with government attorneys. *See Webster v. Commission*, No. 23-0694, 2024 WL 5249494 (Tex. Dec. 31, 2024)(concluding that the attorney general and his deputies can do no wrong that is actionable through the attorney disciplinary system and chastising the Commission for having taken action to enforce accountability with one particular disciplinary rule that covers fraud and misrepresentation of facts).

Apparently, concerns about truth and its antithesis – falsity - must now yield to other purported concerns. Checks and balances are being eliminated, this time in the name of separation of powers. But any other doctrine-ex-machina will. It all seems ominous.

## What About the Merits in this Case? Do They Matter?

I am not saying that Turnbull should win because his effort to secure a disciplinary prosecution his attorney adversaries is meritorious. I simply do not have enough information to form an informed opinion, and for that same reason I cannot decide whether I want to support him morally or rhetorically. Is he a good guy or not? Does he have a stellar reputation as a litigator, or an already tainted one? I simply don't know. And that's no doubt true of the remainder of the general public. But as one member of the public, the nitty-gritty facts in this case are not of primary concern to me either.

Indeed, I don't personally know any of the attorneys involved in this fight. For purposes of the public interest that is at stake in this appeal, however, it matters not whether the petitioner is worthy of public support or otherwise. Why so? – It's because what is at stake here are the legal parameters under which the attorney disciplinary system will operate going forward. And unfortunately, the public is not consulted except to the extent this Court hears from stray individuals who bother to speak up and avail themselves of TRAP 11 to weigh in.

## Under the Open Courts Guarantee, Grievances Should Have a Judicial Forum

Rather than taking sides, I respectfully suggest this: At the minimum, Mr. Turnbull should have a chance to make his case in open court and – *by extension* – to the legal community and the public at large. Granted, to some extent that is happening here because the merits of his grievances are

somewhat wrapped up in the jurisdictional issues raised by the defendants,[2] but what about the ramifications of the resulting precedent that the Appellees seeking to procure? That goes way beyond Mr. Turnbull's particular beef with other attorneys stemming from prior litigation.

If this Court thwarts the merits inquiry here, the next case will be killed off at inception or might not even be filed in the first place. It could not therefore serve to inform the public that there might be a problem with the attorney disciplinary system, which essentially operates as a state-wide monopoly.

Should the Commission for Lawyer Discipline really work as a secret unaccountable entity? How does such lack of transparency further its supposed mission of protecting the public?

### Excessive focus on standing in denigration of the public interest

Much judicial attention – and at the highest echelon of the judicial hierarchy -- has lately been focused on whether a particular litigant has standing to pursue high-stakes. Sometimes it implicates the constitutionality or viability of controversial legislative enactments, and yet the interest of the public falls by the wayside. *See, e.g., TRTL v. Van Stean*, No. 23-0468, 2024 WL 4863170, __S.W.3d___ (Tex. Nov. 22, 2024) (per curiam)(instructing intermediate court of appeals to conduct article-III type standing inquiry and thereby eschew the merits of the issues raised in the appeal).

Shouldn't the public be entitled to learn whether a questionable statute is constitutional, or how well a particular department or agency performs its duties? Here we are looking at an agency that until recently exercised disciplinary jurisdiction over all Texas-licensed attorneys?  More than a hundred thousand of them. That's no small matter.

### Litigation against governmental entities sheds light on how well they are run

Meritorious or otherwise, litigation of grievances about deficient governmental performance (or, as here, alleged *nonfeasance*) creates a public record and allows the public and the media to have a glimpse at the internal workings of government, broadly speaking. This is in itself highly salutary because it furthers transparency and provides the targeted unit of government and its leaders and staff an incentive to (1) perform their functions in conformity with the law and the agency's assigned mission and purpose (which here involves the protection of the public), and (2) to fix problems and better carry out their assigned responsibilities.

Granting these actors absolution from accountability in advance does the opposite: It encourages them to be lazy, sloppy, and inefficient. Why would anyone worry about consequences when there will be no consequences? When legal complaints can be snuffed out by invoking magic immunity mantras without consideration of pertinent evidence.

### What's wrong with transparency in aid of accountability?

---

[2] But even in this very case, there are grave limitations in regard to transparency. As is standard practice, the clerk's record is not posted on the court's website and is only accessible through the attorney portal (for attorneys on the case). I have recently requested a copy of a clerk's record in another case in which I submitted a member-of-the-public amicus, and the attorneys there didn't even bother to respond to my email.

How does the jurisdictional suppressions of Turnbull's grievances about the Commission and its staff further the mission of this judicial-branch agency? Declaring Turnbull's complaints to be nonjusticiable at the threshold would seem antithetical to that mission.

But again, this isn't just about one aggrieved attorney named Turnbull and his dissatisfaction with the State Bar of Texas and its disciplinary arm. Far from it. The appellate precedent here being sought by the Defendants/Appellees will serve to undermine confidence in the integrity of the system of attorney self-regulation rather than promoting it through greater transparency. The forthcoming resolution of this appeal will have far-reaching repercussions given this court's statewide jurisdiction and its monopoly powers over intermediate government-entity litigation.

This important case should not be disposed of by chiming in with the immunity chorus. Texans deserve better.

Sincerely,

/s/ Wolfgang Hirczy de Mino

WOLFGANG P. HIRCZY DE MINO

wphdmphd@gmail.com

Member of the Public

Amicus Curiae

## AMICUS CERTIFICATE

The writer hereby certifies that he speaks only for himself and that he has not been paid, and will not be paid, for his participation in this case as a member of the public.

The writer further certifies that he is serving the parties to this litigation through their attorneys of record at the same time this letter is e-filed on February 5, 2025.

/s/ Wolfgang Hirczy de Mino

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 97040646
Filing Code Description: Other Brief
Filing Description: Amcus Letter Brief
Status as of 2/6/2025 7:06 AM CST

Associated Case Party: EdwardRandolphTurnbull

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Billy SHart | | billy.hart@westwebblaw.com | 2/5/2025 9:26:42 PM | SENT |
| Jay Rudinger | | jay.rudinger@westwebblaw.com | 2/5/2025 9:26:42 PM | SENT |
| Judd Stone | 24076720 | Judd@stonehilton.com | 2/5/2025 9:26:42 PM | SENT |
| Gaines West | | gaines.west@westwebblaw.com | 2/5/2025 9:26:42 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Pat Mizell | | pmizell@velaw.com | 2/5/2025 9:26:42 PM | SENT |
| David Kitner | 11541500 | dkitner@clarkhill.com | 2/5/2025 9:26:42 PM | SENT |
| Jadd Masso | 24041411 | jmasso@clarkhill.com | 2/5/2025 9:26:42 PM | SENT |
| Royce Lemoine | 24026421 | royce.lemoine@texasbar.com | 2/5/2025 9:26:42 PM | SENT |
| Richard Huntpalmer | 24097857 | Richard.Huntpalmer@texasbar.com | 2/5/2025 9:26:42 PM | SENT |
| Gaines West | 21197500 | gaines.west@westwebb.law | 2/5/2025 9:26:42 PM | SENT |
| John Rudinger | 24067852 | jay.rudinger@westwebblaw.com | 2/5/2025 9:26:42 PM | SENT |
| Daniel Olds | 24088152 | dolds@clarkhill.com | 2/5/2025 9:26:42 PM | SENT |
| Brooke Noble | | bnoble@velaw.com | 2/5/2025 9:26:42 PM | SENT |
| Michael Graham | 24113581 | Michael.Graham@TEXASBAR.COM | 2/5/2025 9:26:42 PM | SENT |
| Emily Bamesberger | | ebamesberger@velaw.com | 2/5/2025 9:26:42 PM | SENT |
| Justin B.Cox | | jbcox@clarkhill.com | 2/5/2025 9:26:42 PM | SENT |